UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
SERGIO LaFONTAINE,                  :
                 Petitioner,        :    96 Civ. 9308 (LMM)
           - against -              :    MEMORANDUM AND ORDER
COMMISSIONER OF CORRECTIONAL        :
SERVICES,
                                    :
                 Respondent.
                                    :
------------------------------------x

McKENNA, D.J.

**1.**

Petitioner, convicted in 1989 in the Supreme Court of the State of New York, County of New York, of a number of counts alleging drug offenses, filed a petition for a writ of habeas corpus in December of 1996. On May 19, 1997, then Magistrate Judge Naomi Reice Buchwald, by Report and Recommendation, recommended that the petition be dismissed. By Memorandum and Order dated June 2, 1997, the undersigned accepted the Report and Recommendation, and on June 18, 1997, a Judgment dismissing the petition was entered. The Court of Appeals affirmed in an unpublished Summary Order filed on March 30, 1998. LaFontaine v. Comm'r of Corr. Servs., 162 F.3d 1148 (table). The Supreme Court denied certiorari on October 5, 1998. 525 U.S. 869 (1998).

Petitioner now seeks to vacate the judgment of dismissal pursuant to Fed. R. Civ. P. 60(b)(6). Some background is necessary.

Petitioner's co-defendant in the New York County Supreme Court trial, Edwin Galarza, filed a petition for habeas corpus in December of 1995. In a Report and Recommendation dated May 20, 1997, then Magistrate Judge Buchwald recommended that the writ be denied, and this Court, in a Memorandum and Order dated August 8, 1997, accepted that recommendation and dismissed the petition. On August 13, 1997, the Clerk entered a judgment of dismissal, reflecting this Court's grant of a certificate of appealability only as to the issue whether the prosecutor's use of peremptory challenges violated Batson v. Kentucky, 476 U.S. 79 (1986).

The Court of Appeals reversed and remanded. Galarza v. Keane, 252 F.3d 630 (2d Cir. 2001).[1] It found that Galarza had not waived his Batson challenges, and that such challenges were preserved as to five jurors, id. at 638, that "[t]he trial court explicitly credited the prosecutor's race-neutral explanation for striking [two of the five] . . ." and "agree[d] with the district court's determination that Galarza's Batson claims as to [those two] are without merit." Id. at 639. The Court of Appeals found, however, that the trial court had not, as required by Batson, resolved the question whether it credited the prosecutor's race-neutral explanations for striking three of the prospective jurors, id. at 640, and remanded for this Court to expand the record "to

---

[1] The three judge panels in the decisions of the Court of Appeals in the cases of petitioner and of Mr. Galarza were different, without any common judge.

resolve Galarza's <u>Batson</u> claims as to these three jurors," <u>id.</u> or to return the matter to the state court.  <u>Id.</u>

By Memorandum and Order dated January 30, 2002, the Court set forth a procedure for this Court's resolution of Mr. Galarza's <u>Batson</u> claims, including the submission of an affidavit by the trial judge.  In a Memorandum and Order dated April 21, 2003, this Court found that "by the submission on remand of [the trial judge's] affidavit, which the Court finds credible, respondent has shown that the prosecutor's peremptory challenges of [the three prospective jurors at issue] did not violate <u>Batson</u>."  (Mem. & Order, Apr. 21, 2003, at 3.)  On April 29, 2004, judgment dismissing the petition was entered.  On Mr. Galarza's motion for reconsideration, the Court heard the in-person testimony of the trial judge, and, after briefing, in a Memorandum and Order dated March 2, 2005, granted reconsideration and, on reconsideration, adhered to its original determination.  Mr. Galarza has filed a notice of appeal.

**3.**

Respondent argues that petitioner's motion is untimely. A Rule 60(b)(6) motion must be made "within a reasonable time . . . after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(6).  <u>See</u> <u>Kellogg v. Strack</u>, 269 F.3d 100, 104 (2d Cir. 2001) (<u>per curiam</u>) (26 months after judgment denying petition for writ of habeas corpus "patently unreasonable delay absent mitigating circumstances").  In the alternative, respondent

suggests that the motion is, in reality, a second petition that cannot be filed without the permission of the Court of Appeals. See 28 U.S.C. § 2244(b)(3).[2]

The Court must, then, characterize the motion as a Rule 60(b)(6) motion, or as a successive petition.

The Second Circuit has

> recognized that a Rule 60(b) motion to set aside a habeas denial is "undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction," but emphasized that a Rule 60(b) motion does not itself seek habeas relief and "should therefore be treated as any other motion under Rule 60(b)" for purposes of AEDPA, provided that the motion "relates to the integrity of the federal habeas proceeding, not to the integrity of the . . . criminal trial."

Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004) (quoting Rodriguez v. Mitchell, 252 F.3d 191, 198, 199 (2d Cir. 2001); citing also Gitten v. United States, 311 F.3d 529, 531, 532 (2d Cir. 2002)). As the cases indicate, it is not always a simple matter to characterize a filing as a Rule 60(b)(6) motion or as a second petition, or a combination of the two.

Here, however, petitioner, in his filing in reply to respondent's opposition, makes it clear that the present proceeding is indeed a Rule 60(b)(6) motion. He recognizes that a Rule 60(b)(6) motion "challeng[es] the integrity of the habeas proceeding and not the under[lying] criminal conviction," and states that he "has cast his Rule 60(b)(6) motion [as an] attack on

---

[2] The cited provision, a part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), became effective on April 24, 1996.

the integrity of his initial habeas proceeding." (Pet. Filing Dec. 9, 2004, ¶ 4.) The Court accepts petitioner's analysis, and will treat his motion as a Rule 60(b)(6) motion.[3]

"Motions brought under [Rule 60(b)(6)] must be filed 'within a reasonable time.'" Rodriguez, 252 F.3d at 201 (quoting Fed. R. Civ. P. 60(b)). In Rodriguez, the Second Circuit found that the filing of a motion three and one-half years after the entry of judgment was not a reasonable time. Id. In Kellogg, it found 26 months "a patently unreasonable delay absent mitigating circumstances." 269 F.3d at 104 (citation omitted). Here, judgment dismissing the petition was entered on June 18, 1997, and the Rule 60(b)(6) motion is dated October 18, 2004, over seven years later. Of course, to be fair, it must be recognized that the argument raised by petitioner, based on the Second Circuit decision in Galarza, could not have been raised until that decision was handed down. But Galarza was decided on June 8, 2001, over three years prior to the filing of the Rule 60(b)(6) motion. Even

---

[3] Petitioner argues that "any decision rendered in Galarza is clearly applicable to [his] case" and should be considered on his, as well as on his co-defendant's case. (Id., ¶ 5.) In the words of Rodriguez v. Mitchell, "[t]he grant of [the present motion] would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction." 252 F.3d at 198.

allowing time for the Galarza decision to have become available and for the preparation of papers, the present motion cannot be said to have been filed within a reasonable time.

In any event, on the merits, this Court -- having now, on remand, not only had the trial judge's testimony by way of affidavit but also heard the trial judge cross-examined regarding Batson issues -- does not perceive any basis for a finding that any violation of Batson occurred at petitioner's trial.

Plaintiff's motion pursuant in Fed. R. Civ. P. 60(b)(6) is denied as untimely.

SO ORDERED.

Dated: May 16, 2004

Lawrence M. McKenna
U.S.D.J.